**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALLAN RAMON GARCIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-18

Agency No.
A070-775-259

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023**

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Allan Ramon Garcia, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his motion to reopen his

deportation proceedings conducted in absentia. Our jurisdiction is governed by

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Garcia did not show that notice was improper where he was personally served with the order to show cause and was given written notice of the consequences of failing to appear. *See* 8 U.S.C. § 1252b(a)(2) (1996) (written notice of the time and place of proceedings and the consequences of failing to appear required). Thus, the agency did not abuse its discretion in denying Garcia's motion to reopen as untimely where he filed it over 24 years after the filing deadline, and he did not establish that any statutory or regulatory exceptions apply. *See* 8 C.F.R. §§ 1003.23(b)(1), (4)(iii)(A)(1) (an order of deportation entered in absentia may only be rescinded upon a motion to reopen filed within 180 days of the order if the alien demonstrates exceptional circumstances); *see also Matter of M-S-*, 22 I. & N. Dec. 349, 356-57 (BIA 1998) (a motion to reopen seeking only to apply for relief unavailable to the movant at the time of the hearing is still subject to the regulatory requirements governing motions to reopen, including the filing deadline).

Our jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte is limited to contentions of legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020).

Garcia's claim that the BIA violated due process by streamlining its

decision fails because he has not shown error. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-52 (9th Cir. 2003) (BIA's streamlined decision did not violate due process).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**